**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DIEGO MAESE MORALES,

Petitioner,

vs.

TODD BLANCHE, *et al.*,

Respondents.

Case No.: 2:26-cv-02696-GMN-EJY

**SERVICE AND APPOINTMENT OF COUNSEL ORDER**

## I. SCOPE

Petitioner, proceeding *pro se*, has filed initiating documents challenging the legality of his detention under 28 U.S.C. § 2241. Based on its review of these documents, the Court preliminarily finds that Petitioner is a noncitizen who is civilly detained in the custody of U.S. Immigration and Customs Enforcement ("ICE"). As such, the procedures and deadlines outlined in this order shall govern this case.

## II. PRESERVATION OF JURISDICTION

To preserve its own jurisdiction over this case, the Court temporarily enjoins Respondents from removing, or transferring, Petitioner from the United States District of Nevada. This Court has "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 608 (1966); *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 n.6 (9th Cir. 2020) ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)); *see also Belbacha v. Bush*, 452, 456 (D.C. Cir. 2008) (citing *U.S. v. United Mine Workers*, 330 U.S. 258, 293 (1947)). Such an injunction is appropriate here. The Supreme Court has

repeatedly held that only one district has jurisdiction over a "core habeas petition" which is "the district of confinement." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). The Court finds Petitioner's removal from this judicial district could interfere with the Court's jurisdiction and ability to expeditiously resolve this case. Therefore, to maintain the *status quo* pending further review, **IT IS HEREBY ORDERED** Respondents are **ENJOINED** from removing or transferring Petitioner outside of the District of Nevada pending further order of the Court.

## III. FILING FEE

The Court **DEFERS** consideration of Petitioner's filing fee, or application to proceed *in forma pauperis* ("IFP Application"), until Petitioner has an informed opportunity to properly satisfy these requirements with the assistance of counsel. *Cf.* 28 U.S.C. § 1914(a) (requiring petitioners for writs of habeas corpus to pay a $5 filing fee); *id.* § 1915(a) (enabling petitioners in civil detention to seek leave to proceed *in forma pauperis*); *infra* Part IV. Therefore, **IT IS HEREBY ORDERED** Petitioner must either pay the filing fee or submit an IFP Application within **10** days. **IT IS FURTHER ORDERED** that the Clerk of Court is respectfully instructed to attach a copy of the Court's standard IFP Application to this Order.

## IV. APPOINTMENT OF COUNSEL

The Court appoints counsel to represent Petitioner throughout these proceedings. By statute, this Court has the discretion to appoint counsel for indigent habeas corpus petitioners when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2); *see also Hill v. Lizarraga*, 731 F. App'x 686, 687 n.2 (9th Cir. 2018); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (quoting 18 U.S.C. § 3006A). The Court finds that standard is satisfied here, as this case implicates a complex statutory and constitutional framework regarding the government's detention authority over noncitizens. *See Torres v. Barr*, 976 F.3d 918, 924 (9th Cir. 2020) (describing the Immigration and Nationality Act's unique complexity) (citations omitted).

Therefore, **IT IS HEREBY ORDERED** the Federal Public Defender for the United States District of Nevada ("FPD") is **APPOINTED** to represent Petitioner. **IT IS FURTHER ORDERED** that the Clerk of the Court is respectfully instructed to **ADD** the FPD to the docket as an "Attorney to be Noticed" using the following email address: ecf_nvchu@fd.org. **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **SEND** a copy of this Order to the FPD and CJA Resource Counsel. **IT IS FURTHER ORDERED** the FPD must **FILE** a notice of appearance or **ADVISE** the Court and CJA Resource Counsel that it cannot represent Petitioner, within **2 days** of this Order being docketed in this case. If the FPD has a conflict, **IT IS FURTHER ORDERED** CJA Resource Counsel shall assign the case to an attorney on the CJA Panel of the District if the FPD has a conflict.

**IT IS FURTHER ORDERED** that, within **10 days** of this order, Petitioner's counsel must file **redacted versions** of any initiating documents containing personal-data identifiers.

## V. DOCUMENT PRODUCTION

Respondents must produce certain documents that are relevant to Petitioner's detention. This Court has the express authority to "use[,] or authorize the use[,] of suitable discovery procedures" to dispose of a viable habeas petition "as law and justice require." *Harris v. Nelson*, 394 U.S. 286, 290 (1969) (quoting 28 U.S.C. § 2243); see also Rule 7, Rules Governing § 2254 Cases in the United States District Courts [hereinafter, "§ 2254 Rules"] (empowering courts to direct the parties to expand the record by submitting additional materials related to the petition); id. at Rule 1(b) (enabling a court to apply rules governing cases under § 2254 to other habeas corpus petitions). Since Petitioner is presently detained and lacks the ability to adequately develop his claim(s) without records that are in Respondents' custody or control, the Court finds limited discovery is necessary to properly, and expediently, dispose of this matter. *See Harris*, 394 U.S. at 291.

Therefore, **IT IS HEREBY ORDERED** Respondents must **PRODUCE** the following records, which are relevant to the lawfulness of Petitioner's detention: (1) Form I-200 Warrant for Arrest of Alien and/or Form I-205 Warrant of Removal/Deportation; (2) Form I-286 Initial Custody Determination; (3) Form I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in Petitioner's removal proceedings; (6) documents reflecting appeals of any immigration court orders by the Department of Homeland Security and/or Petitioner; (7) transcripts, and/or audio recordings, of any custody redetermination proceeding(s). Specifically, Respondents must **PRODUCE** these documents to Petitioner's Counsel within 3 days of this Order being docketed in this case. Alternatively, Respondents must **CERTIFY** within 3 days that, after a diligent search, they determined that these records are not in their possession, custody, or control. **IT IS FURTHER ORDERED** Respondents must **FILE** these records, and/or their certification, with the Court alongside their Notice Regarding Class Membership and Detention Authority. *See infra* Part VI.a.i; *see also* Part VI.b.iv (instructions for redacting filings). If they are not filed, the Court may infer they do not exist unless Respondents indicate otherwise.

## VI. BRIEFING

**IT IS HEREBY ORDERED** the following briefing schedule will govern this case. *See* Rule 4, § 2254 Rules ("If [a] petition is not dismissed, the judge must order the respondent[s] to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.").

### a. Schedule

i. **Notice Regarding Class Membership and Detention Authority**: On March 30, 2026, Judge Boulware granted partial summary judgment in a certified class action which revolves around immigration detention. *See generally Jacobo-Ramirez v. Mullin*, --- F. Supp. 3d ---, 2026 WL 879799, at *33 (D. Nev. Mar. 30,

2026). Moreover, on July 30, 2026, the Ninth Circuit held that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, no § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, --- F.4th ----, 2026 WL 2196424 (9th Cir. July 30, 2026). Within **3 days**, Federal Respondents must file a notice that certifies: (1) whether they contend Petitioner is, or is not, a *Jacobo-Ramirez* class member and whether *Rodriguez Vazquez* controls; and (2) the statutory provision that authorizes Petitioner's detention. If Federal Respondents fails to identify a *specific* statutory provision that authorizes Petitioner's detention, either in the aforementioned Notice Regarding Class Membership, or in a subsequently ordered Return, the Court "shall forthwith award the writ" Petitioner seeks. *See* 28 U.S.C. § 2243. In addition, the Court will consider appropriate remedial action, which may include striking filings, deeming arguments to be waived, and/or sanctioning the Federal Respondents or their counsel.

ii. **Interrogatories Regarding Warrant and Initial Custody Determination:** Within **3 days**, Federal Respondents must file an answer under oath to the following interrogatories, *see* Rule 7, § 2254 Rules:

1. Was Petitioner arrested pursuant to a lawfully executed and served administrative warrant under 8 C.F.R. § 236.1(b)?
2. Was an initial custody determination conducted as to Petitioner under 8 C.F.R. § 236.1(c)(8)?
3. Was a Form I–286 Notice of Custody Determination served on Petitioner under 8 C.F.R. § 236.1(g)?

iii. **Amended Petition**: If Petitioner seeks to file a counseled amended petition for a writ of habeas corpus, Petitioner must do so within **10 days**. Alternatively, Petitioner may file a notice indicating Petitioner wishes to proceed on the *pro se* Petition.

iv. **Return and Traverse**: Upon receipt of the amended petition, or upon notice that Petitioner will proceed on the *pro se* Petition, the Court will issue an order to show cause establishing a briefing schedule or rule on the Petition as appropriate. *See* 28 U.S.C. § 2243 ("A court . . . or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted . . . .").

**b. Filings**

i. Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

ii. The Parties shall file all documents and exhibits in accordance with Local Rules IA 10-1 through 10-5.

iii. The Parties must meet and confer regarding any requests for an extension of deadlines. Any motion for an extension must certify efforts made to meet and confer and indicate the opposing party's position regarding the extension. Any motion, or stipulation, must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

iv. The Parties must refrain from including—or must partially redact, where inclusion is necessary—personal-data identifiers from all documents filed with the Court, unless the Court orders otherwise. *See* LR IC 6-1; *see also* Fed. R. Civ. P. 5.2. The parties are instructed to file documents in compliance with the text and spirit of LR IC 6-1 and Federal Rule of Civil Procedure 5.2(a) by redacting birth dates, fingerprints, A-Numbers, passport numbers, and any other person-data identifiers or sensitive

information where applicable. Any party filing a redacted filing must also file an unredacted copy under seal for the Court's records. *See* Fed. R. Civ. P. 5.2(d) ("The Court may order that a filing be made under seal without redaction"); *see also* LR IC 6-1(b). The parties are granted leave to file documents under seal for this purpose throughout the pendency of this case without filing an accompanying motion to seal, as is otherwise required under LR IC 6-1(b).

## VII. SERVICE

**IT IS HEREBY ORDERED** the Clerk of Court is respectfully instructed to **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party. Pursuant to the District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

**IT IS FURTHER ORDERED** Petitioner, with the assistance of counsel, must serve the warden of the facility where they are detained with a copy of their petition and this Order.

**DATED** this __26__ day of August, 2026.

Gloria M. Navarro, District Judge
United States District Court